UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STEVEN CURTIS, ET AL.                                                            PLAINTIFFS

v.                                                                                    No. 3:20-cv-735-BJB

TONY SUMERALL, ET AL.                                                           DEFENDANTS

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Plaintiffs Steven Curtis and Zaman Taylor, following their arrest by Louisville Metro Police, sued Officer Tony Sumerall and an unknown number of "Doe" Defendants, alleging Fourth and Fourteenth Amendment violations and various Kentucky common-law torts. Complaint (DN 1). After Sumerall answered the complaint (DN 7), the parties proceeded to discovery (DN 9). Eight months after Sumerall's answer, Plaintiffs moved to amend their complaint to replace the "Doe" designations with the actual names of the officers they allege violated their rights. DN 16.

A party may amend its pleading "as a matter of course within 21 days after serving it, or … 21 days after service of a responsive pleading." FED. R. CIV. P. 15(a)(1). Outside of that window, the party may amend "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Though courts "should freely give leave when justice so requires," *id.*, leave to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile," *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). An amendment "is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

Sumerall argues, without elaboration, that amendment is futile because the proposed amended complaint concerns only "facts and claims relat[ing] to individuals for whom the statute of limitations has passed." Response (DN 20) at 1. A statute of limitations is ordinarily an affirmative defense that may be raised (or waived) only by the party to whom it applies, but courts may consider any applicable statute of limitations in determining futility. *See MAKS, Inc. v. EODT General Sec. Co.*, No. 3:10-cv-443, 2012 WL 902927, at *2 (E.D. Tenn. Mar. 12, 2012); *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 790 (N.D. Ohio 2010).

For both the § 1983 and Kentucky claims, the statute of limitations is one year. In the Fourth Amendment context, "constitutional claims asserted under 42 U.S.C.

§ 1983 are governed by the state personal injury statute of limitations." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *see also* 42 U.S.C. § 1988 (law "of the State wherein the court having jurisdiction … is held" governs to the extent federal law is "deficient in the provisions necessary to furnish suitable remedies"). Kentucky law provides that personal-injury actions, malicious prosecution, false arrest, and defamation "shall be commenced within one (1) year after the cause of action accrued." KRS § 413.140(1); *see also Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (KRS § 413.140(1) provides statute of limitations for § 1983 actions); *Crabbs v. Scott*, 880 F.3d 292, 294–95 (6th Cir. 2018). The clock begins ticking "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988).

The statute of limitations doesn't bar these claims. According to the allegations in the complaint, which stand unrebutted at this stage, the earliest possible date when the statute of limitations could have been triggered is September 13, 2020, when the police first encountered and subsequently arrested Curtis and Taylor. Complaint ¶ 16. Plaintiffs moved to amend on September 9, 2021, which is within one year of that date. *See* DN 16 at 1. So the statute of limitations doesn't render the amendment futile, and Sumerall offers no other basis to conclude it would be.

Accordingly, the Court grants Plaintiffs' motion to amend (DN 16).

Benjamin Beaton, District Judge
United States District Court

February 25, 2022